TOCHMAN (BRADLEY v.). See Case No. 1,788

TOCHMAN (FENDALL v.). See Case No. 4,726.

TOD (THOMPSON v.). See Case No. 13,978.

TODD (ALEXANDER v.). See Case No. 175.

TODD (BICKNELL v.). See Case No. 1,389.

---

## Case No. 14,073.

### TODD v. CRUMB.

[5 McLean, 172.] [1]

Circuit Court, D. Ohio. Oct., 1850.

LIMITATION OF ACTIONS — JUDGMENT — POLICY OF STATUTE—PLEA.

1. The statute of limitations of Ohio does not bar an action on a judgment.
[Cited in Randolph v. King, Case No. 11,560.] [Cited in Fries v. Mack, 33 Ohio St. 58; Stockwell v. Coleman, 10 Ohio St. 42.]

2. A judgment is not an agreement, contract, or promise in writing, nor is it in a legal sense a specialty.
[Cited in Burns v. Simpson, 9 Kan. 662; McAfee v. Covington, 71 Ga. 272; O'Brien v. Young, 95 N. Y. 431; Peerce v. Kitzmiller, 19 W. Va. 574; Tyler v. Winslow, 15 Ohio St. 368.]

3. Nor is a judgment barred by the provision, that four years shall be a bar to all actions not enumerated in the statute.

4. It would be inconsistent with the policy of the statute, to bar a judgment in four years, while fifteen years are required to bar a promise in writing.

5. To an action on a judgment, the defendant cannot, in his plea, contradict the record.

[This was a suit by Zerah Todd against Stephen Crumb.]

Mr. Parsons, for plaintiff.

OPINION OF THE COURT. This suit is brought on a judgment rendered in the state

of New York. The defendant filed four pleas: 1. Nul tiel record. 2. Satisfaction. 3. Statute of limitations of fifteen years. 4. The limitation of four years. To the 3d and 4th pleas the plaintiff has demurred, and the case on the demurrer is now submitted. This question arises on a construction of the statute of limitations of this state, and it appears the point has never been ruled by any of the courts of the state. The statute provides, "that all actions upon the case, covenant, and debt founded upon a specialty, or any agreement, contract, or promise in writing, must be brought within fifteen years." And in the same section it is provided, that "all other actions not herein enumerated, must be brought without four years after such right of action shall have accrued." As the action before us is founded upon a judgment, it becomes a question whether it is barred by the statute. It must be observed that the actions by name are not barred, without reference to the causes on which they are founded. An action, whether it be upon the case, covenant, or debt, is barred in fifteen years, if it be founded upon an obligation in writing, and not otherwise. This cannot apply to an action brought on a judgment, as that is not an agreement in writing, nor is it a specialty in the legal sense of that term. Can the other provision of the act apply: "All other actions not herein enumerated, must be brought within four years after such right of action shall have accrued"? This evidently applies to a contract, written or parol, where the time of action accrues. This cannot be said of a judgment strictly, as it has reduced the right of action to judgment. Besides, it would seem to be inconsistent with the policy of the act, to require a suit to be brought in four years from the rendition of a judgment, when fifteen years is the limit to an action on a note of hand or other agreement in writing. There being no provision of the statute which bars a judgment, it follows there is no limitation to an action brought upon it. The demurrer to the pleas therefore is sustained. The defendant made affidavit that he had never been served with process, in the suit where judgment was obtained against him: and that he had never employed an attorney to appear for him. From the record in New York it appears the declaration was filed against the defendant in custody, &c. It has been held in New York, that to an action brought on a judgment the defendant may deny in his plea the service of process, even in contradiction of the record. But the correctness of this ruling may well be doubted. If the fact of service of notice appeared from the record, it would seem that the record can no more be contradicted, in this respect, than any other fact apparent on the record. But as this question is a new one in this court, leave is given the defendant to file his plea, subject to exception; and the cause was continued.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]