Scott, J.
The assignment of errors, in this case, presents two questions:
1. Did the court below err in sustaining the demurrer to the defense set up under the statute of limitations ?
2. Did the court err in entering judgment upon the verdict of the jury ?
"We shall consider these questions in their order.
The cause of action upon which suit was brought by ■plaintiff below was a judgment rendered by a court of record, of the State of Kansas. By way of defense, the •defendant pleaded that this cause of action did not accrue within ten years prior to the commencement of the action. The question, then, is, does the statute of limitations of this state limit the period within which an action may be brought upon a judgment rendered in a sister state to ten years ?
By the thirteenth section of the civil code, the limitation ■prescribed for an action upon a specialty, or any agreement, -contract, or promise in writing, is fifteen years. Sections fourteen, fifteen, sixteen and seventeen prescribe different ■periods of limitation for the various causes of action therein -enumerated, but in none of them is an action upon a judgment, or matters of record, specifically mentioned. Section -eighteen provides, in general terms, that: “ An action for relief, not hereinbefore provided for, can only be brought within ten years after the cause of action shall have accrued.”
The statute of limitations of 1881, like the statute now in force, limited actions “ upon a specialty, or any agreement, contract, or promise in writing, to fifteen years.” And, in the same section, it was provided, that: “ Actions not herein enumerated must be brought within four years after such right of action shall have accrued.” Under that statute, it was held by Judge McLean, that whilst a judgment is not a specialty, in the legal sense of that term, yet that an action upon a judgment of a sister state did not come within the bar of the general provision which limited -unenumerated actions to four years. He, therefore, held *58 that the act of 1831 created no bar to an action on a judgment. Todd v. Crumb, 5 McLean, 172. In that case, the limitation of fifteen years, and that of four years, were both pleaded.
The supreme court of this state, in Stockwell v. Coleman, 10 Ohio St. 33, decided that a judgment of a justice of the peáee of another state “ is to be regarded as a specialty under the statute of limitations of this state.” That decision has never been overruled. The question in that case was, as in the case before us, whether the limitation of the general clause, providing for causes of action not enumerated, was-applicable to an action on such a judgment. The legislature of the state has acquiesced in that construction of the statute, for nearly twenty year’s, and it should not now be-overruled, without grave consideration. In Tyler’s Ex’rs v. Winslow, 15 Ohio St. 364, it was held that a judgment of a court of this state, is not a specialty within the meaning-of that term as used in the statute of limitations of 1831. But it was also held in that case, that the rendition of such a judgment, is not the accruing of a cause of action within the meaning of the statute; and, therefore, that none of the limitations of the statute were applicable to an action bi’ought on a domestic judgment.
The decision in this ease is notin direct conflict with the holding in Stockwell v. Coleman. The two cases may well stand together, although it must he conceded that the-reasons upon which the latter decision are placed by the-judge delivering the opinion, are not in harmony with the-views expressed in the former case, and strongly tend to-weaken its authority. But we think it unnecessary in this-case to reconsider the question whether or not a judgment rendered in another state is to be regarded as a specialty within the meaning of our statute of limitations. Eor, since the policy of the statute gives fifteen years, within which to bring an action on a simple contract in writing, it can not be supposed that it was intended to bar an action upon a judgment in a shorter time. Were we, therefore,, to hold that a judgment rendered in another state is not a- *59 specialty, within the meaning of the statute, we would further hold that the rendition of a judgment, whether foreign or domestic, is not, in contemplation of the statute, the accruing of a cause of action; as was held in 1 odd v. Crumb,, supra, and in Tyler v. Winslow, with reference to domestic judgments. It is sufficient for this case, to say that we think that the court below did not err in holding that the-generaL limitation of ten years prescribed by the 18th section of the code, was not applicable to the case.
2d. It remains to consider whether the court erred in. entering judgment upon the verdict of the jury.
It is claimed by counsel for plaintiff in error, that the-verdict does not respond to the issue made by the pleadings. The main, if not the sole, issue joined between the parties, was upon the plaintiff’s ownership of the judgment upon which suit was brought. The language of the verdict is “we the jury do find for the plaintiff'” — and then it proceeds to state the amount to which they find him entitled. We think this must be understood as a finding for the plaintiff upon the issues joined between the parties. Even if there had been several distinct issues made by the pleadings, such a verdict would be regarded as a substantial finding upon all the issues. Calvin et al. v. The State, 12: Ohio St. 60.
But it is further objected to the verdict that it is too indefinite and uncertain to justify the rendition of the judgment which was entered upon it. And this objection we find it.difficult to answer to our own satisfaction.
If the meaning of the jury in their verdict is certain from its terms, or becomes so when read in the light afforded by the pleadings, of which it is the duty of the court to take judicial notice, and if the judgment is in conformity with their finding, it ought not to be set aside. The Supreme-Court of Kentucky has laid down the rule that: “ In considering the verdict itself, with a view to its sufficiency, the-first object is to ascertain what the jury intended to find, and this is to be done by construing the verdict liberally, with .the sole view of ascertaining the meaning of the jury, and *60 not under the technical rules of construction which are applicable to pleadings.” Miller v. Shackleford, 4 Dana, 271 And it has been said that every i*easonable construction is to be adopted in support of a verdict. There can also be no doubt that the maxim: “ Id certum, est, quod certum reddi potest,” is applicable to a verdict. Eor example, in a suit upon a promissory note, a verdict in favor of the plaintiff for the amount of the note in suit, with interest from its maturity, would be certain, because it could be made certain in amount, by any competent accountant. Burton v. Anderson, 1 Texas, 98; Stewart v. Campbell, 6 Iowa, 538.
There is no uncertainty in the verdict of the jury in this •case, except in the assessment of the amount to be recovered. The code requires that, “ when, by the verdict, either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of the recovery.” (Sec. 278.) The question, then, is: Do the terms of the verdict in this case render the amount assessed by the jury ascertainable with certainty ? The verdict is quite certain and definite as to the principal sum found due to the plaintiff. That is $7,000, on which the verdict gives interest up to March 2, 1874. The only uncertainty is as to the date or dates at which the computation of interest is to commence. The verdict awards “interest from the date of the maturity of the seven notes of $1,000 each, given February 2, 1860.” Seven promissory notes are here referred to and described by a statement of their respective amounts and date. The jury find, substantially, that there is due to the plaintiff $7,000, the aggregate principal of these notes, and interest on them from the time when they •respectively mature.
Rut the action was not brought upon promissory notes, nor were any such notes referred to in the pleadings, and •the verdict neither gives copies of them nor states the times at which they are respectively payable. "Was it then within the province of the court to identify the notes referred to by the jury, and ascertain the times when they *61 severally matured, by reference to the evidence offered qn tbe trial ?
We are constrained to answer this question in the negative. The facts found by the court formed no part of the record, and were found only from the memory or minutes of the judge who tried the case. Without a knowledge of these facts, no one could tell from the verdict, considered. ftr se, or in connection with the record, from what time the jury intended the computation of interest to be made..
The court found, from facts outside of the record, that the jury intended by their verdict to refer to certain notes, which had been offered in evidence upon the trial. Perhaps they did so intend, though the verdict does not say so. The facts found in regard to it are neither expressed nor necessarily implied in its language. But, even if it had. been expressly stated in the verdict that the notes’therein referred to were the same which had been offered in evidence^ would it have been competent for the court to look to the evidence, or to any matter dehors the record, for the' purpose of fixing that which it was the sole province of thejuiy to determine ? We think not.
The judgment should follow as a logical sequence, from the issues of fact disclosed by the pleadings and the findings of the jury thereon. If the judgment is warranted, by the pleadings and verdict, it should be sustained; but if it has no such basis it can not be supported. In several cases cited by counsel for plaintiff in error, the very question now under consideration has been determined, in accordance with this principle.
In Smith v. Tucker, 25 Texas, 594, a part of the syllabus is a follows : “Where, in an action of trespass to try title,, the verdict of the jury found for the plaintiff, ‘ the laud described in the petition, less seven hundred and sixty-seven and a half acres, as described in the deed read in evidence from B. E. Hooper to C. M. Adams,’ and the-pleadings contained no description of the land conveyed, by that deed; Held, that the court could render no judg *62 ment upon such finding of the jury, because it could only ■do so by looking out of the record to the evidence given on the trial.”
So in May v. Lewis, 4 Texas, 38, it was held that a verdict which is not so certain that the court can give judgment upon it without looking out of the record to the ■evidence given upon the trial, will not support a judgment.
The same rule is laid down in Claiborne v. Tanner, 18 Texas, 68 (syllabus): “ There can be no clearer principle than that, where a jury has intervened, and all the issues have been submitted to their decision, their verdict must ■constitute the basis of the judgment. The court can not look to the evidence on which the verdict is found, in order to determine what judgment to render, but must look .alone to the verdict.”
In Fromme v. Jones, 13 Iowa, 474, it was held that, “ A verdict, defective in form, may be reformed by the court when the intention of the jury can be ascertained from ■data given in the verdict, or referred to in the pleadings; but the court can not supply an omission to name the .amount of the finding by reference to the evidence outside the record.”
See, also, McArthur v. Porter’s Lessee, 1 Peters, 626, and Lee v. Campbell’s Heirs, 4 Porter, 198.
These authorities, and the principle on which they rest, ■constrain us to say, that the verdict of the jury was too uncertain, as to the amount assessed in favor of the plaintiff below, to form a legitimate basis for the judgment entered upon it. And that it was not within the province of .a court to make it certain by reference to the evidence offered in the case.
Judgment reversed, and cause remanded.