## McAfee *et al. vs.* Covington *et al.*

A judgment rendered in an action for a tort, growing out of the wrong-
ful conversion of personal property, is not a contract within the
meaning of that provision of the Federal constitution which forbids
a state to pass any law impairing the obligation of a contract; *al-
iter*, if the judgment were founded upon a contract. Therefore, a
judgment based on an action for a tort, though rendered prior to
1868, could not subject a homestead set apart under the state con-
stitution then adopted.

February 9, 1884.

Judgments.   Contracts.   Torts.   Constitutional Law.
Before Judge HAMMOND.   Cherokee County.   At Cham-
bers.   October 24, 1883.

Covington *et al.* filed their bill against McAfee *et al.*
to enjoin the sale of certain property claimed as homestead
property.   Subsequently, by amendment, it was alleged
that the sheriff had offered the property at public outcry,
that it was bid off by certain purchasers, and the sheriff
would proceed to put them in possession unless injunction
issue.   The controlling facts were as follows: In 1867, a
judgment in a trover case for a mule was rendered
against Covington.   In 1869 he took a homestead under
the constitution of 1868, and subsequently went into bank-
ruptcy; but the creditor did not prove the claim.   The
execution founded on this judgment was subsequently
levied on the homestead, and it was claimed that the home-
stead was subject, because otherwise the homestead act of
1868 would impair the obligation of a contract, and be ob-
noxious to the constitution of the United States.   (Art. 1,
sec. 10, par. 1.)

The chancellor held that a judgment based on a tort
was not a contract, and granted the injunction.   Defend-
ants excepted.

NEWMAN & ATTAWAY; W. A. & G. I. TEASLEY; G. R.
BROWN, for plaintiff, in error.

W. T. Wofford; C. D. Maddox; R. B. Trippe, for defendants.

Hall, Justice.

The question to be determined here is, whether a judgment consequent upon an action for a tort, growing out of the wrongful conversion of personal property, is a contract within the meaning of art. 1. sec. 10, par. 1, of the constitution of the United States, which forbids a state to pass any law impairing the obligation of a contract. The execution under which the homestead exemption was sold, was obtained prior to the adoption of the state constitution of 1868. If, therefore, that judgment was the result of a suit founded upon a contract, then, according to the case of Gunn *vs.* Barry, 15 Wallace R., 610, the homestead set apart to the defendant therein was subject to levy and sale, notwithstanding the prohibition contained in the constitution of 1868, and the injunction prayed in this case should not have been ordered; but if it was not rendered in a suit upon a contract, as it evidently was not, then the propriety of ordering the injunction will depend upon the further question, whether such a judgment was of itself a contract between the parties thereto. That it is a "debt of record" will not be disputed. In order to constitute a contract, there must be an agreement, either express or implied, between parties, for the doing or not doing of some specific thing. Code, §2714. This agreement becomes a contract of record when it has been declared and adjudicated by a court having jurisdiction, or when it is "entered of record, in obedience to, or in carrying out, the judgment of a court." Code, §2716. It is essential to a contract that the parties assent to its terms. *Ib.*, §§2720, 2727. How can this be predicated of a tort to either person or property? In Todd *vs.* Crumb, 5 McLean, 172, it was distinctly held that a judgment was not an agreement, contract or promise in writing. So also, in Bidleson *vs.* Whytel, 3 Burrow's R., 1548. In Garrison *vs.* City, 21 Wall, 203, it was said

by Field, J., who delivered the opinion, "It may be doubted whether a judgment founded on an agreement, express or implied, is a contract within the meaning of the constitutional prohibition. It is sometimes called by text writers a contract of record, because it establishes a legal obligation to pay the amount recovered, and, by a fiction of law where there is a legal obligation to pay, a promise to pay is implied. But it is not perceived how this fiction can convert the result of a proceeding not founded on an agreement, express or implied, but upon a transaction wanting the assent of the parties, into a contract, within the meaning of the Federal constitution, which forbids any legislation impairing its obligation. The purpose of the constitutional prohibition was the maintenance of good faith in the stipulations of parties against any state interference. If no assent be given to a transaction, no faith is pledged with respect to it, and there would seem in such a case to be no room for the operation of the prohibition." It seems to have been long settled that claims arising from a tort, and not from a contract, are not protected from legislative interference by this provision of the constitution of the United States. Dash *vs.* VanKleck, 7 Johns. R., 477; Amy *vs.* Smith, 1 Litt. (Ky.) R., 326; Thayer *vs.* Seavey 11 Maine, 284. In Robinson *vs.* Howe, 13 Wis., 341, it is distinctly held, that "those rights which the law gives to, or obligations which it imposes upon persons in certain relations, independently of any stipulations which the parties themselves have made," are not within the protection of this clause. An uninterrupted and unbroken current of authorities has settled that a state may pass laws divesting vested rights, not connected with and forming an essential part of the obligation of a contract, without infringing the constitution of the United States. Among many others, we cite Charles River Bridge *vs.* Warren Bridge Co., 11 Peters, 420; Watts *vs.* Mercer, 8 *Ib.*, 88; Satterlee *vs.* Matherson, 2 *Ib.*, 413. For a full and satisfactory review of the authorities upon the questions raised in this case,

we refer to the exhaustive and able opinion of Fenner, J., in the State *ex rel.* Folsom Bros. *vs.* the Mayor, etc., of New Orleans, 42 La. Ann. R., 709, 714–717, and also to *Forsyth vs. Marberry, R. M. Charlton's R.*, 324. The counsel for the plaintiffs in error relied with much confidence upon an expression used by Ch. J. Warner in his dissenting opinion, in *Fannin vs. Durden*, 54 *Ga.*, 482, in which it is contended he broadly asserted that a judgment was a contract of record, and that an act of the legislature which authorized proceedings to reduce its amount was repugnant to this clause of the constitution of the United States, and was a mere nullity ; but we apprehend that this eminent judge never meant to carry this principle to the extent claimed. He was laying down the law applicable to the case before him, which was a judgment in a suit founded on a promissory note made before the commencement of the late war, for good money loaned to the maker of the note. This amount, although in judgment, had been reduced to conform to the standard of Confederate values, under the 2d section of the so-called " Relief Act" of 1868, and upon a motion to setaside the judgment so reducing the amount of the former judgment, and which came up for review before this court, the chief justice used the language cited. He was not dealing with the power of the legislature to modify and prevent the enforcement of judgments founded on torts, against homesteads and exemptions set apart to heads of families for the use and support of such families, and we are reluctant to conclude that he would have so applied the principle. Indeed, he does not seem to have considered how far the legislature had the power to interfere with vested rights, without encroaching upon the provision of the constitution of the United States which protects the obligation of contracts from such interference.

On the question here considered we rest our judgment in this case, not deeming it either necessary or proper to pass upon the other important questions raised by the re-

cord, and particularly upon the effect of the homesteader's discharge in bankruptcy, upon the judgment making the sale of his homestead; for the purposes of this case, it is quite immaterial whether it was extinguished by the discharge or not.

Judgment affirmed.