## McAFFEE *v.* COVINGTON.

*(Supreme Court of Georgia.)*

CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—TORTS.
A judgment rendered in an action for a tort, growing out of the wrongful
conversion of personal property, is not a contract within the meaning of
that provision of the Federal Constitution which forbids a State to pass
any law impairing the obligation of a contract; *aliter* if the judgment were
founded upon a contract. Therefore, a judgment based on an action for a
tort, though rendered prior to 1868, could not subject a homestead set
apart under the State Constitution then adopted.

Covington filed his bill to enjoin the collection of a *fi. fa.*
which was levied on homestead property. Defendant's ans-
wer set up, among other things, that the *fi. fa.* was founded
upon an action of trover, and the judgment was a contract
within the meaning of Art. I, Sec. 10, Par. 1 of the Constitu-
tion of the United States, and could not be impaired by State
legislation; also, that this judgment was rendered prior to the
adoption of the State Constitution of 1868, under which the
homestead was set apart. The Chancellor held that the judg-
ment, being based on a tort, was not a contract, and granted
the injunction. Defendants excepted.

HALL, J., in delivering the opinion of the Court, said : In
order to constitute a contract there must be an agreement,
either express or implied, between parties, for the doing or not
doing some specified thing. (Code, Sec. 2714.) This agree-
ment becomes a contract of record when it has been declared
and adjudicated by a Court having jurisdiction, or whenever
it "is entered of record in obedience to or in carrying out the
judgment of a Court." (Code, Sec. 2716.) It is essential to a
contract that the parties assent to its terms. (Code, Secs. 2720,
2727.) How can this be predicated of a tort, either to person
or to property? (5 McLean, 172; 3 Burr., 1548.) In 21 Wall.,
203, it was said by Field, J., who delivered the opinion, " It
may be doubted whether a judgment founded on an agree-
ment, express or implied, is a contract within the meaning of
the constitutional prohibition. It is sometimes called by text
writers a contract of record, because it establishes a legal obli-
gation to pay the amount recovered, and by a fiction of the
law, where there is a legal obligation to pay, a promise to pay

is implied. But it is not perceived how this fiction can convert the result of a proceeding not founded on an agreement, express or implied, but wanting the assent of the parties, into a contract within the meaning of the Federal Constitution, which forbids any legislation impairing its obligation. The purpose of the constitutional prohibition was the maintenance of good faith in the stipulations of parties against any State interference. If no assent be given to a transaction, no faith is pledged with respect to it, and there would seem in such case to be no room for the operation of the prohibition." It seems to have been long settled that claims arising from a tort, and not from a contract, are not prohibited from legislative interference by this provision of the Constitution of the United States. (7 Johns., 477; 1 Litt. (Ky.) 326; 11 Me., 284; 13 Wis., 341.) An uninterrupted and unbroken current of authorities has settled that a State may pass laws divesting vested rights, not connected with and forming an essential part of the obligation of a contract, without infringing on the Constitution of the United States. Among many others we cite 11 Pet., 420; 8 *Ibid.*, 88; 2 *Ibid*, 413; 32 La. An., 709, 714–717.

---

*Fraudulent Conveyance—Consideration.* If an insolvent conveys property which is liable to be taken for his debts, in consideration of an agreement or covenant on the part of the grantee to maintain or support the grantor, the conveyance will be fraudulent and void as against creditors; and this is so if it appears that *any part* of the consideration is to be paid in the future support of the grantor. *Lawson* v. *Funk*, Sup. Ct. Ill., Jan., 1884.—Am. Law R.

*Good Will—Sale—Remedy for Breach.* Where a party, who sells his business and the good will thereof, contracts that he will not carry on the same business at the place of sale, or within a certain distance thereof, for three years, "under penalty of $100," and violates the agreement, the only remedy is an action to recover the amount named in the contract, and in such an action an injunction to restrain the continuance of such business in violation of the contract cannot be granted. *Stafford* v. *Shortreed*, Sup. Ct. Iowa, Dec., 1883.—Am. Law R.