Hall, X,
in delivering the opinion of the Court, said: In order to constitute a contract there must be an agreement, either express or implied, between parties, for the doing or not doing some specified thing. (Code, Sec. 2714.) This agreement becomes a contract of record when it has been declared and adjudicated by a Court having jurisdiction, or whenever it “is entered of record in obedience to or in carrying out the judgment of a Court.” (Code, Sec. 2716.) It is essential to a contract that the parties assent to its terms. (Code, Secs. 2720, 2727.) How can this be predicated of a tort, either to person or to property? (5 McLean, 172; 3 Burr., 1548.) In 21 Wall., 203, it was said by Field, X, who delivered the opinion, “ It may be doubted whether a judgment founded on an agreement, express or implied, is a contract within the meaning of the constitutional prohibition. It is sometimes called by text writers a contract of record, because it establishes a legal obligation to pay the amount recovered, and by a fiction of the law, where there is a legal obligation to pay, a promise to pay *647 is implied. But it is not perceived how this fiction can convert the result of a proceeding not founded on an agreement, express or implied, but wanting the assent of the parties, into a contract within the meaning of the Federal Constitution, which forbids any legislation impairing its obligation. The purpose of the constitutional prohibition was the maintenance of good faith in the stipulations of parties against any State interference. If no assent be given to a transaction, no faith is pledged with respect to it, and there would seem in such case to be no room for the operation of the prohibition.” It seems to have been long settled that claims arising from a tort, and not from a contract, are not prohibited from legislative interference by this provision of the Constitution of the United States. (7 Johns., 477; 1 Litt. (Ky.) 326; 11 Me., 284; 13 Wis., 341.) An uninterrupted and unbroken current of authorities has settled that a State may pass laws divesting vested rights, not connected with and forming an essential part of the obligation of a contract, without infringing on the Constitution of the United States. Among many others we cite 11 Pet.; 420; 8 Ibid., 88; 2 Ibid, 413; 32 La. An., 709, 714-717.