**HOLTHOUSE, Plaintiff, v AKOM, et, Defendants.**

Common Pleas Court, Van Wert County.

No. 18575. Decided November 3, 1947.

,S. S. Beard, Van Wert, for plaintiff.

Harshman and Young, Dayton, for defendant insurance company.

**OPINION**

By McNEILL, J.

This is an action whereby it is sought by a supplemental petition filed under authority of §9510-4 GC to recover a judgment against the defendant insurance company. On August 20, 1940, plaintiff filed his petition against defendants Akom, Wood, and Cook and alleged that on the 4th day of November, 1939, that plaintiff did recover a judgment against defendants in the sum of $3,000.00 and costs in the Circuit Court of Adams County, Indiana. A copy of this judgment is incorporated in the petition. This copy shows that the Indiana judgment was based on an automobile accident occurring in Indiana on December 25th, 1938, in which plaintiff suffered bodily injury. On February 13, 1941, this court rendered a default judgment in this case in the sum of $3,024.50 against the above three defendants. On July 24, 1943, plaintiff filed a supplemental petition alleging that the defendant insurance company had issued the Defendant Akom a policy of insurance indemnifying him against loss by reason of personal injuries and had failed to pay the judgment in this case. To this defendant demurred and it is on this demurrer that this cause is before the Court.

First it must be decided whether or not the demurrer searches the entire pleadings. If the demurrer does not search beyond the supplemental petition it must be overruled as the supplemental petition does show a cause of action. However, if the demurrer does search the entire record then the question is squarely presented whether or not §9510-4 GC is applicable where the judgment in this state is secured on a foreign judgment, the foreign judgment being rendered in an automobile case.

The general rule is that a demurrer searches the entire record in the case. **Trott v Sarchett, 10 Oh St 242.** However, the Court cannot find a case where there is a specific ruling in regard to a supplemental petition. It has been held that demurrer does not search records other than those in the case

in which it is filed. **Hamilton v Bank & Trust Company, 20 Oh Ap 493; 152 N. E. 731; 3 Abs 538.** However, the court by implication held that a demurrer would search the entire record in any single case as the court pointed out there were two different cases bearing different numbers in the cause before it. These cases are not too helpful in deciding the instant matter but do indicate that it is the general thought that a demurrer searches the entire record regardless of the nature of the pleadings. The Court feels that such a decision is logical. In this case a search of the whole record properly presents the legal issue in this matter and it may be disposed of at this time. If it were held otherwise, trial would be had and the various expenses connected with trial incurred, and then the identical question would be raised. Therefore, the court finds that the demurrer to a supplemental petition searches the entire record and that the facts set out in the petition, as well as the supplemental petition, may be considered on demurrer.

Thus the question is squarely raised: does plaintiff's cause come within the purview of the statute whereby the defendant insurance company may be brought into this action as provided by §9510-4 GC? Sec. 9510-4 GC provides:

"Upon the recovery of a **final judgment** * * * **for loss or damage on account of bodily injury** or death * * * if the defendant in such action is insured against loss or damage at the time the right of action arose, the judgment creditor and successor in interest shall be entitled to have insurance money provided for in the contract * * * applied to the satisfaction of judgment and if the judgment is not satisfied within 30 days after the date when it was rendered, the judgment creditor * * * may file **in the action in which said judgment was rendered** a supplemental petition wherein insurer is made new party defendant * * *".

The Court, for the purpose of brevity has eliminated parts of the statute not applicable and has emphasized that part of the statute the court deems most applicable.

What is the nature of the original action in this case? Is it an action on account of bodily injury or does the fact that it is a suit upon an Indiana judgment change its nature? In the case of Milwaukee County v M. E. White Company, 296 U. S. 268; 56 S Ct 229, the U. S. Supreme Court held:

"A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money

judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry whatever its genesis. Regardless of the nature of the right which may rise to it the judgment is an obligation to pay money in the nature of a debt upon a specialty."

This rule was followed in the case of Titus v Wallick, 306 U. S. 282; 59 S Ct 557. In that case the Supreme Court of Ohio had affirmed an appellate court decision dismissing an action based on a New York judgment because the plaintiff to the action under Ohio law was not the real party in interest. In its decision, the Supreme Court held that such a judgment of a sister state was entitled to full faith and credit, cited the Milwaukee County case with approval and stated:

"So far as Ohio might apply a different rule, if the original cause of action were prosecuted in its court, that fact is irrelevant to any issue now presented. The suit in Ohio was not upon the assigned cause of action but upon the judgment which petitioner is a record owner. The suit upon it is upon a different cause of action than that merged in the judgment."

Earlier, although dicta, the Ohio Supreme Court had reached substantially the same decision. **Spencer v Brockway, 1 Ohio 259; 13 Am Dec 615; Symons v Eichelberger, 110 Oh St 224; 144 N. E. 279.**

From the decisions of the U. S. Supreme Court there is no doubt that a suit brought upon a judgment of a sister state is not an action upon the original cause but is in the nature of a specialty upon a contract. Thus, it is apparent if the language of the statute is strictly construed the plaintiff may not maintain this action against the defendant insurance company. This judgment cannot be considered a judgment for damage or loss on account of bodily injury. The petition sets up the foreign judgment as a cause of action and the action is therefore in the nature of a contract action and not a tort action, as contemplated by the Statute. Nor can the supplemental petition be considered filed in the action in which the judgment for bodily damage was rendered as provided by Statute, as the action for bodily damage was in Indiana, this action being merely an action on a foreign judgment.

True, it may be considered that this action is within the spirit of the Statute and a liberal interpretation of the Statute would permit plaintiff to maintain this suit. It could be argued that bodily injury was actually suffered and that

the form of the action is changed should make little difference. One answer to this argument would be that plaintiff neither has been a resident of Ohio nor did the accident occur in Ohio. To permit him to recover a judgment in Indiana, and then bring action on the judgment in Ohio, and file a supplemental petition, would in fact give the Statute an extra territorial effect and may give plaintiff a remedy not provided by Indiana law. However, such a discussion is felt to be unnecessary as the Court feels bound to give a strict interpretation to this Statute.

It has long been held that Statutes in derogation of common law are to be strictly construed. **37 O. Jur. Sec. 408.**

Such a rule is also recognized by §10214 GC. Certain sections of the code are specifically exempted from such an interpretation. However, §9510-4 GC does not fall within these exemptions.

In previous decisions it has been held that §9510-4 GC should be strictly construed. In **Galesburg Company v Engels, 136 Oh St 450, 26 N. E. 2d 440; 17 O. O. 26,** the Supreme Court stated:

"Here again, however, it must be stated that since the statute is in derogation of a common law it must be strictly construed."

- In this case a judgment was recovered against the trustee in bankruptcy for the insured. The Court held an insurance company could not be made liable under §9510-4 GC, holding that the trustee could not be considered the insured as provided in the Statute. Likewise, in the case of **Casualty Company v Nadler, 115 Oh St 472,** the court strictly construed this statute as it then existed, overruling a lower court decision, (25 N P (n s) 572), that had liberally interpreted this section. A similar decision was reached in the case of **Motor Trucking Company v Insurance Company, 5 O. O. 47; 91 O Su 26.**

The Court finding as it does that the demurrer searches the entire record, that an action upon a foreign judgment is the nature of a specialty upon a contract and does not retain its original form of action, and that the Statute in question is in derogation of the common law and must be strictly construed, the Court must find that the plaintiff does not plead a cause of action against the defendant insurance company.

It is therefore ordered that the demurrer be sustained, and that Plaintiff's supplemental petition be dismissed.