**MASETTA, Plaintiff, v. NATIONAL BRONZE & ALUMINUM FOUNDRY COMPANY, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 602697.   Decided October 22, 1951.

Morton D. Barrisch, Cleveland, for plaintiff, Russell Masetta. Miller & Hornbeck, Cleveland, for defendant, National Bronze & Aluminum Foundry Co.

## OPINION

By MERRICK, J.

This action comes before the Court on the motion of defendant to dismiss for want of jurisdiction. For the reasons stated in the motion, such pleading must be considered as a demurrer and is always timely, even though an answer has theretofore been filed. **Sec. 11311 GC. Bozzelli v. Industrial Commission, 122 Oh St 201.**

A demurrer searches the entire record. **Holthouse v. Akom, 370031; 51 Abs 176.** The plaintiff is attempting to secure some relief in equity upon a claim for breach of an employment contract made for his benefit and the benefit of others similarly situated through the medium of membership in a labor union which actually made the contract with the defendant.

Plaintiff seeks relief through a four pronged prayer, which divested of verbiage asks the court:—

1. To discharge workmen who are holding the jobs formerly filled by plaintiff and his former co-workers;

2. To order the defendant to re-hire plaintiff and his former co-workers;

3. To account to plaintiff and his former co-workers for wages and emoluments of employment lost by reason of their discharge or lay-off.

4. For money judgment by way of damages.

This Court had had a similar question to the one raised by the relief sought by paragraphs enumerated, one, two and three above in the case of International Union, et. al. v. Champion Forge Company; being case No. 612-884 on the docket of this Court which has this day been decided by the embodiment of some of the conclusions reached herein.

This is an effort to compel performance of a contract for personal services, so far as the equity phase of the case is concerned. Relief of that character has always been regarded as impracticable and as an invasion of one's natural liberty, involuntary servitude being prohibited by the Constitution. Where the contract was one for unique or extraordinary personal services, requiring special knowledge or peculiar skill, such as singing or acting, and the agreement was to perform such services for a particular person, and not to perform them for anyone else for a stated period, courts of equity have enjoined those agreeing to perform such professional services from performing like services for others during the time covered by the contract but Courts of equity have never attempted to compel the affirmative performance of even an agreement to sing or act. So far as we know, a Court of equity has never attempted to compel a person to per-

form personal services, nor to compel an employer to accept the personal services of any person or to continue the personal services of an employee. The reason is obvious. It would be impracticable to enforce the relationship of master and servant against the wish of either. **Lundoff—Bicknell v. Smith, 24 Oh Ap 301; Sterling and Welch v. Duke, 33 O. O. 482; 67 N. E. 2nd 24.**

The remedy for a discharge from employment is at law for a breach of contract, and not in equity to enjoin the discharge. Boyer v. Western Union Telegraph Company, 124 F. 246; General Petroleum Corporation v. Beanblossom, 47 F. 2nd 826.

Following this reasoning this Court is of the opinion that plaintiff's cause of action in equity must fail and we must look to the pleadings to ascertain whether a cause of action at law for money damages has been stated.

The question of whether or not plaintiff could bring this action as a class suit was passed upon previously in this Court by another Judge who ruled adversely on a motion seeking to non-suit the cause as a class action. This ruling was made while the equity features were still in the case and in the memorandum of the trial Judge, he quotes from a textbook on equity jurisprudence and cites cases, all of which were brought in equity. In this motion and other attacks on the pleadings previously made, the jurisdictional question was not raised.

The writer is of the opinion that with the equity side of the case removed, the Judge who passed upon the previous motion would have had no difficulty in determining that an action such as this, asking for money damages only, could not be brought as a class suit.

We are inclined to follow the reasoning of our Supreme Court in the case of **Davies v. Columbia Gas Corporation, 151 Oh St 417.** In this case, plaintiff sought general equitable relief and an accounting but also sought money damages. The opinion of Judge Zimmerman contains this very potent reasoning. (Page 422)

"Here, the primary object of the action is the recovery of money in the form of damages for all those who were allegedly defrauded by the claimed deceitful practices of the defendants during a specified number of years. The total damages sought would be arrived at by combining the amounts found due each____, and such amounts would depend upon the peculiar facts surrounding the particular person or to the facts which pertained to a group similarly affected in a particular area. **The relief of an equitable character prayed**

for is secondary and ancillary.____ (Emphasis supplied.) Because of the diverse conditions and circumstances referred to, it cannot be said that there is a community of interest plus a right of recovery based on the same essential facts between plaintiff and those he assumes to represent____and it is likewise apparent that all those whom plaintiff undertakes to represent do not have a common or identical interest with him or that they are in accord with what. he seeks.____"

It is interesting to note that the opinion from which the above excerpts are taken seems to stress the inference that with the equitable theory being secondary, a class suit cannot lie. The lower court (51 Abs 372) had ruled that the provisions of §11257 GC apply to actions of a legal as well as those of an equitable nature. This theory of the case was not carried into the syllabi by the Supreme Court but the opinion of Judge Zimmerman indicates a disagreement with this approach. The Court of Appeals was reversed and the Common Pleas Court was affirmed in holding that it could not be brought as a class suit.

A very interesting discussion is found in the case of **Trustees v. Thoman, 51 Oh St 285.** This was an action to recover taxes alleged to have been illegally assessed and was brought by plaintiff as a class action. On page 298 we find this language in the opinion of Judge Thad A. Minshall:—

"____there is no rule of pleading or practice by which he for himself and the others can prosecute an action to recover back the money so paid. A suit to recover back is quite different in the grounds upon which a recovery can be had, from a suit to enjoin a tax. In the latter case, each is not only interested in the question involved, but a judgment may be rendered in favor of all as a class, upon substantially the same case, and terminate the litigation. Not so in an action to recover back money paid____. In such case the judgment must _____be for each according to the amount due him;____"

The rule is uniform that, in order to maintain a suit by one for the benefit of himself and others, there must be community of interest as well as a right of recovery by reason of the same essential facts. **Stevens v. Times Star, 72 Oh St 154; Trustees v. Thoman, supra; Duncan v. Willis, 51 Oh St 433.**

In the case of **Platt v. Colvin, 50 Oh St 703,** a reading of the syllabus would give a first blush reaction that an action for money damages might be brought as a class suit as a general rule. This case has been cited by other courts and textbooks. (O. Jur., Vol. 30, P, 741.) However, a careful reading of this case brings to light the real import of its

reasoning. This was an action by a partner brought on behalf of the partnership to recover a money judgment for the partnership. The entity is styled an unincorporated joint Stock Company but the decision of the Court applies the principles of a partnership suit. Likewise the Court accentuates in the opinion that the judgment is to be rendered for the company or partnership and not the individuals contemplated in the classification of the plaintiff or plaintiffs. By statute and practice of modern code pleading this question is disposed of by statute. **Sec. 11260 GC.**

This Court has been very much impressed by the opinion of Judge Frank S. Day, late of this Court rendered in the case of **Kuligowski v. Hart, 23 O. O. 213.** All aspects of the law touching on the right to bring a class suit are thoroughly analyzed in that opinion and the writer cannot expand upon it and certainly is not equipped to improve upon it. The question involved is identical with the one at hand.

The writer is of the opinion that actions by workmen for breach of contract wherein money damages is the only relief sought cannot be brought in a class suit. There are so many elements that would vary in the circumstances surrounding the claims of the individuals that one cloak of legal coverage could not comprehend or litigate them in a single action. Likewise it is fair to assume that jury trials would be compulsory where not waived and the defenses and elements of damages would be too varied to permit litigation in a single action without disastrously confusing results.

Whether plaintiff and his former co-workers have any rights under the United States Labor Management Relations Act is not encompassed in the instant action.

The motion to dismiss the Amended Petition is granted. The plaintiff may file a further amended petition predicating his claim as an individual for damages for breach of contract. If plaintiff indicates that he does not desire to thus proceed further, a judgment for costs in favor of the defendant may be entered.