## MAST, Plaintiff, v. STONE, Defendant.

Common Pleas Court, Mercer County.

No. 14383. Decided January 19, 1953.

Purdy & Brown, Celina, Wheat & Grimes, Portland, Indiana, for plaintiff.

Knapke & Montgomery, Celina, for defendant.

### OPINION

By DULL, J.

This action is one on an Indiana judgment. The defendant has filed an answer containing as his first ground of defense that the action is barred by a fifteen year statute of limitation. To this ground of defense the plaintiff has filed a demurrer. The demurrer was submitted to the court on the memoranda of opposing counsel.

The question presented squarely by the demurrer is whether or not an action on a judgment of a sister state is one upon a "specialty." If it is, then such action is barred by §11221 GC which provides:

"An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

If the action is not one upon a "specialty," it is not barred inasmuch as there are no statutes of limitation on actions on judgments or their enforcement in Ohio. However, there are statutes prescribing when judgments become dormant and within what period of time they can be revived. There is no contention by the defendant that such statutes are involved in this case. Hence, if the action is not barred by §11221 GC it may be enforced under the full faith and credit clause of the Federal Constitution (United States Constitution, Article 4, Section 1).

According to the allegations of the petition, the original action in the Circuit Court of Allen County, Indiana, grew out of an automobile accident in which the plaintiff was injured. The judgment was rendered on February 23, 1932, in favor of the plaintiff for fifteen hundred dollars ($1500.00) together with costs. The defendant was one of two defendants, the other defendant not appearing. The judgment was not appealed nor superseded and no part of the judgment has been paid.

One of the earliest reported cases on the question involved in this case is Todd v. Crumb, 5 McLean 172. In it the court held that a judgment of a court of record of another state is not a specialty in the legal sense of that term and the court further held that the limitation of fifteen years provided for specialties is not applicable to an action upon a judgment.

Another early case, following Todd v. Crumb (citation supra), was **Stockwell v. Coleman, 10 Oh St 33,** decided December Term, 1859. That case held that an action on a judgment of a justice of the peace of the state of Indiana was an action upon a specialty and within the purview of the statute of limitations relating to actions upon a specialty.

In **Tyler's Executors v. Winslow, 15 Oh St 364,** decided December Term, 1864, however, it was held that a judgment of a court of this state is not a specialty within the meaning of the term as used in the statute of limitations relating to actions upon a specialty. It was further held that the rendition of a domestic judgment is not the accruing of a cause of action within the meaning of the statute of limitations and that none of the limitations of the statute were applicable to an action upon a domestic judgment.

The case of **Fries v. Mack, 33 Oh St 52,** decided December Term, 1877, was an action brought upon a Kansas judgment

approximately twelve years after its rendition. The court recognized the cases of Todd v. Crumb, Stockwell v. Coleman and Tyler's Executors v. Winslow (citations supra). However, the court thought it unnecessary to consider the question whether or not a judgment rendered in another state is to be regarded as a specialty within the meaning of the section of the statute of limitations relating to actions upon a specialty. The reason given being that since the policy of the whole statute of limitation gives fifteen years, within which to bring an action on a simple contract in writing, it cannot be supposed that it intended to bar an action upon a judgment in a shorter time.

The case of **Doyle v. West, 60 Oh St 438,** decided June 13, 1899, was an action brought to collect the balance due on an original mortgage foreclosure action originating in an Ohio court of record. In the original action there was no prayer for a judgment and none was rendered. Again, the court deemed it not necessary to decide whether or not it was an action upon a specialty or contract in writing. The cause was considered in the nature of an action on a debt of record and barred after the lapse of seventeen years.

In the case of **Graham v. Simon, 76 Oh St 77,** decided February 26, 1907, the court distinguished the case of Doyle v. West and following Tyler's Executors v. Winslow (citation supra), held that an action on a domestic judgment could be brought at any time within twenty one years. The effect of such holding being that there is no statute of limitation against a domestic judgment other than then imposed upon an action to revive a judgment.

This review of cases forces two conclusions: (1) An action upon a judgment of a justice court of a sister state is an action upon a specialty within the purview of the statute of limitations relating to actions upon a specialty; and (2) an action upon a domestic judgment is not an action upon a specialty within the purview of the statute of limitations relating to actions upon a specialty.

However, in **Armstrong v. Armstrong, 117 Oh St 558,** decided December 28, 1927, which was an action upon a Kentucky judgment for alimony payable in installments rendered in connection with a divorce decree, the court held such judgment, as far as accrued installments were concerned, was a final judgment of a sister state entitled to be enforced by the courts of Ohio under the full faith and credit clause of the Federal Constitution. In the body of the opinion the court stated that "It is well settled that judgments rendered by courts of sister states are entitled to the same faith and

credit in every state as in the state where rendered, so that they are valid and conclusive in other states accordingly as they are or are not valid and conclusive in the state of their rendition. 34 Corpus Juris., 1126."

A like conclusion was reached in **Bowling v. Bowling (C. P.), 62 Abs 178,** decided June 25, 1951, in an action for accrued installments upon an Indiana judgment for support money payable in installments awarded in connection with a divorce decree.

Again, in Kinney v. Kinney, 196 F. 2d 587, decided April 17, 1952, the court held that "The duly attested record of a judgment of a state is entitled to such faith and credit in every court within the United States as it has by law or usage in the state from which it is taken." See also Adam v. Saenger, 303 U. S. 59, 62, 58 S. Ct. 454, 456, 82 L. Ed. 649. This was an action in the District Court for the District of Columbia to recover judgment for past due installments for maintenance under an Ohio decree.

The attention of the court has been called to **Holthouse v. Akom (C. P.), 79 N. E. 2d 589, 37 O. O. 31, 51 Abs 176,** decided November 3, 1947. In this case the court in its opinion stated "From the decisions of the U. S. Supreme Court there is no doubt that a suit brought upon a judgment of a sister state is not an action upon the original cause but is in the nature of a specialty upon a contract." However, the last Supreme Court case cited by the court in support of such a view, Titus v. Wallick, 306 U. S. 282, 59 S. Ct. 557, decided October Term, 1938, also held that "Even though the Ohio court might have declined to recognize petitioner as the proper party to sue upon the assigned claim, a suit upon a judgment of another state, by virtue of the Constitution, stands upon a different footing. The Ohio Court is not free to withhold from petitioner, the record owner of a judgment valid and enforceable by him in New York, the full benefit of the constitutional command that the judgment shall receive in the courts of Ohio such faith and credit as is entitled to receive in New York."

Also the latest Ohio Supreme Court case cited by the court in support of such a view, **Symons v. Eichelberger, 110 Oh St 224,** decided April 29, 1924, held in the syllabus the statement that "The courts of the state of Ohio will give full faith and credit to the judicial decrees of courts of record of the District of Columbia." In fairness to the court, however, it stated in its opinion that any support for its view in the latter case was dicta only. Hence, the court is of the opinion that the case of Holthouse v. Akom (citation supra) is not dispositive of the question presented by the present case.

If the judgment upon which action is being brought in the present case had been brought in a court of record in Indiana, such action would not have been barred by Indiana law. Section 2-602 (302), Burns Indiana Statutes, 1933, provides in part:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterward.

"Sixth. Upon contracts in writing other than those for the payment of money, on judgments of courts of record, and for the recovery of the possession of real estate, within twenty (20) years."

According to the allegations of the petition, judgment was rendered in the original action in Indiana on February 23, 1932. The present action was filed in this court on February 20, 1952, summons issued on the same day and the defendant served on February 23, 1952.

It is, therefore, the holding of this Court that this action upon a judgment of a court of record of the State of Indiana is not an action upon a "specialty" and is not barred by §11221 GC. Rather, it is an action upon the judgment of a court of record of a sister state and entitled to be enforced in the courts of Ohio in the same manner as if it were brought in the courts of Indiana under the full faith and credit clause of the Federal Constitution.

By way of further fortification of this holding and in defense to any charge of its needlessly prolonging litigation, attention is directed to §11234 GC which provides:

"If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years."

The court is applying the law of the state in which the cause of action arose, and in so doing is limiting the time within which the action can be brought to a lesser number of years than it could be brought if it had arisen in Ohio.

Accordingly, the demurrer of the plaintiff to the first ground of defense contained in the answer of the defendant is sustained and such first ground of defense declared insufficient in law and in fact to constitute a defense to the cause of action pleaded in the petition of the plaintiff.