EDWARD H. TITUS, Appellant, *v.* LOU C. WALLICK, Respondent.

First Department, December 2, 1927.

Corporations — stock — action to determine ownership of corporate stock — evidence establishes that plaintiff has full beneficial ownership and that reassignment to defendant was without consideration — no evidence that original assignment to plaintiff was made to him as trustee to hold stock between opposing stock interests — Statute of Limitations did not commence to run until plaintiff learned of defendant's repudiation of his agreement to retransfer.

This is an action to determine the ownership of shares of stock.   The evidence supports the plaintiff's contention that the shares of stock were originally purchased by him for a full consideration.   The contention on the part of the defendant that the stock was assigned to the plaintiff as a " buffer " arrangement between the defendant and his brother, the owners of the entire stock of the corporation, is not sustained, but apparently is an afterthought on the part of the defendant.   There was no consideration shown for the reassignment of the stock to the defendant.

The Statute of Limitations did not commence to run in this action until the plaintiff learned of defendant's repudiation of his agreement to retransfer the stock to the plaintiff.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of January, 1927.

The judgment decreed that plaintiff did not at any time acquire the beneficial ownership in 250 shares of the capital stock of the Secor Hotel Company.

*Lewis F. Glaser* of counsel [*Joseph Schultz* with him on the brief; *Joseph Schultz*, attorney], for the appellant.

*Edmund L. Mooney* of counsel [*Lyman E. Warren* and *Hobart S. Weaver* with him on the brief; *Lyman E. Warren*, attorney], for the respondent.

PER CURIAM.   We are of the opinion that the evidence upon the trial was entirely sufficient to justify the court below in granting the plaintiff the relief which he sought.   We think the plaintiff

2

established, by a fair preponderance of evidence, beneficial owner-
ship in himself of the 250 shares of the capital stock of the Secor
Hotel Company. We are impressed with the truthfulness of the
testimony of the plaintiff, in which, as to his ownership of the
stock in question, he was corroborated by the testimony of
several disinterested witnesses of high character, whose probity
cannot reasonably be questioned. Not only this, but the plain-
tiff's version is amply supported by the documentary evidence
in the case. The testimony of London I. Wallick, defendant's
brother and erstwhile partner, fully corroborates the plaintiff's
version of the transaction whereby he became the owner of the
250 shares of stock. The evidence justifies a finding that the
transfer of the shares to plaintiff was upon ample consideration.
The contention of the defendant that the arrangement under which
the plaintiff received by assignment the 250 shares of stock was
for the purpose of making him a " buffer " between the brothers
Wallick, each of whom owned equal shares of the stock of said
hotel company, we regard as disproven, not alone by the oral
testimony in the case, but by the documentary proofs. We regard
the insistence by the defendant at the trial and upon the argument
of this appeal that the transaction whereby the plaintiff became
the holder of said shares of stock was nothing but a " buffer "
arrangement, as an afterthought advanced for the purpose of
overcoming plaintiff's apparent ownership of the shares. The
Ohio attorney, Davis, who represented the defendant in procuring
the reassignment of plaintiff's stock, and who, indeed, from the
start, had been an intimate participant in the affairs of the Secor
Hotel Company, and who had been elected a director and the
secretary of the company, and who, in 1908, prepared the written
assignments from the Wallicks to plaintiff of the shares in question,
and who throughout had acted as legal adviser of the parties,
admittedly knew nothing of any " buffer " feature in the trans-
action, and admitted, in answer to the court's inquiry at the trial,
that had he been told that the plaintiff was taking the assignment
of the stock as a mere " buffer " he would have drawn some paper
out of the plaintiff to the effect that he was holding the stock
merely as a trustee. Defendant's brother specifically denied at
the trial that there was anything said, when the stock was trans-
ferred to the plaintiff, that the latter was to be a " buffer," or
that anything of that sort was ever said by either the plaintiff
or the defendant in his presence or hearing.

So far as appears there was no consideration whatever passing
to the plaintiff upon his reassignment of the shares in question.

We are of the opinion that the decision of the learned court

below was against the weight of the credible evidence presented at the trial.

We are further of the opinion that no Statute of Limitations stands in the way of a recovery by the plaintiff herein. The evidence was ample to justify a finding of fact that plaintiff first learned of defendant's repudiation of his agreement to retransfer the Secor stock to the plaintiff on September 12, 1923. In our opinion the Statute of Limitations did not begin to run until such knowledge came to the plaintiff. (*Treadwell* v. *Clark,* 190 N. Y. 51; *Stephens* v. *Crawford,* 209 App. Div. 142; affd., 239 N. Y. 535.)

The findings of the trial court in support of the judgment appealed, from should be disapproved, and new findings made. The judgment appealed from should be reversed, with costs, and judgment ordered in favor of the plaintiff for the relief demanded in the complaint, with costs.

Present — DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs. Settle order on notice.