## TITUS *v.* WALLICK.

No. 188.  Argued January 30, 1939.—Decided February 27, 1939.

*Mr. Thomas I. Sheridan,* with whom *Messrs. Aaron Frank* and *Lewis F. Glaser* were on the brief, for petitioner.

*Mr. William M. Summer,* with whom *Messrs. Joseph P. Tumulty, Sr., Joseph P. Tumulty, Jr.,* and *William J. Hughes, Jr.* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The question for decision is whether the Supreme Court of Ohio, by denying recovery upon a judgment procured by petitioner against respondent in the courts of New

York, has failed to accord to the New York judgment the full faith and credit which Article IV, § 1 of the Constitution commands.

Petitioner brought the present suit against respondent in the Ohio Court of Common Pleas upon a judgment recovered by petitioner against respondent in the Supreme Court of New York on May 1, 1934. Transcript of the New York judgment for $389,103, duly authenticated in conformity to the Act of Congress, R. S. § 905, 28 U. S. C. § 687, was filed with the petition in the Ohio court. Defenses interposed by respondent, so far as now material, were that petitioner was not the real party in interest in the Ohio suit and that the judgment had been procured in New York by fraud on the court and on respondent, in that petitioner was not the real party in interest entitled to assert the claim litigated in that suit as required by § 210 of the New York Civil Practice Act, and that petitioner, in procuring the judgment, suppressed and withheld that fact from respondent and the New York courts.

The Court of Common Pleas, after a trial without a jury, sustained these defenses and gave judgment for respondent, which the Ohio Court of Appeals for Franklin County affirmed, with an opinion in which it ruled that the judgment sustaining the defenses did not deny the New York judgment the full faith and credit required by the Constitution. Appeal to the Supreme Court of Ohio assigning as error the denial of full faith and credit to the New York judgment was dismissed on the ground that the case involved "no debatable constitutional question." 133 Ohio St. 612; 15 N. E. 2d 140. We granted certiorari, 305 U. S. 585, the constitutional question presented by the petition being of public importance and the federal right asserted having been ruled upon and denied by the highest court of the state. *Matthews* v. *Huwe*, 269 U. S. 262; *Tumey* v. *Ohio*, 273 U. S. 510, 515.

Petitioner brought the New York suit in December, 1925, alleging that he was the owner of a quarter interest in two hundred and fifty shares of the stock of an Ohio corporation which respondent here, the defendant there, had fraudulently appropriated to his own use. The relief sought was that respondent be directed to deliver to petitioner certificates of stock representing his interest in the corporation and to account for the dividends and earnings on the stock received by respondent. Respondent appeared personally and defended the suit. It was twice tried in the Supreme Court of New York and was five times before the Appellate Division of the Supreme Court, 222 App. Div. 17; 225 N. Y. S. 263; 227 App. Div. 789; 237 N. Y. S. 908; 235 App. Div. 662; 225 N. Y. S. 905; 240 App. Div. 818; 266 N. Y. S. 969; 244 App. Div. 789; 280 N. Y. S. 969, and once before the New York Court of Appeals, 260 N. Y. 519; 184 N. E. 75, which affirmed a judgment establishing the liability of respondent. An accounting, at the end of nine years of litigation, resulted in the final judgment sued upon, which was affirmed by the Appellate Division. 244 App. Div. 789; 280 N. Y. S. 969.

The present record discloses that after entry of this judgment London Wallick, a brother of respondent, brought suit in the Supreme Court of New York to recover from petitioner a share of the judgment pursuant to a contract alleged to have been entered into by him with London Wallick on or about November 23, 1925. In resisting a motion made in that suit for an injunction restraining petitioner from disposing of the judgment or its proceeds, petitioner prepared and filed an affidavit reciting that on or before November 23, 1925, he had informed London Wallick that he had already assigned his interest in the claim against respondent to his wife and to Walter Titus, his brother, and asserting that "it does

not lie within the jurisdiction of this court to now enjoin what has already been accomplished."

The assignment by petitioner and a later reassignment of the claim to him were introduced in evidence in the present suit. The assignment, dated March 31, 1924, purported to "sell, assign, transfer and set over unto" Walter Titus "any and all claims" which petitioner then had against respondent. The reassignment, described by its terms as an "Agreement," bears date December 1, 1925, prior to the suit brought by petitioner against respondent in New York. It recites that the earlier assignment was made upon an oral agreement that Walter Titus was to "use any funds that might be derived" from the claim to the two hundred and fifty shares of stock to pay certain indebtedness of petitioner and that petitioner "wishes to institute an action against" respondent "to recover said stock." It states that Walter Titus "does hereby sell, assign, transfer and set over" to petitioner "all his right, title and interest" in the claim and appoints petitioner his attorney to collect the claim. It further recites an agreement between the assignor and petitioner that the latter will turn over the proceeds of the claim to the assignor, who agrees, after paying the expenses of collection, to pay over one-half of the net recovery to petitioner's wife, to discharge certain indebtedness of petitioner, and to pay the balance to him.

The Ohio Court of Appeals disagreed with the conclusion of the trial court that petitioner's affidavit in the London Wallick suit conclusively established that petitioner had no interest in the claim prosecuted against respondent in New York. It held that his interest was to be ascertained by examination of the reassignment from Walter Titus to petitioner. But interpreting that document in the light of the New York law, it concluded that the reassignment was no more than a power of attorney authorizing petitioner to collect the claim in behalf

of Walter Titus and did not operate as an assignment to vest any right or interest in petitioner upon which he could maintain suit in the New York courts. Upon examination of petitioner's affidavit indicating, as the court thought, that petitioner had construed the reassignment correctly as not transferring to him any right or interest in the claim against respondent, it accepted the affidavit as evidence that petitioner had fraudulently prosecuted the New York suit against respondent with knowledge that he was not entitled to maintain it. The court accordingly affirmed the judgment of the trial court denying recovery, on the ground that the New York judgment, impeachable there for the fraud, was to the same extent impeachable in Ohio.

By R. S. § 905, 28 U. S. C. § 687, enacted under authority of the full faith and credit clause, Article IV, § 1 of the Constitution, the duly attested records of the judgments of a state are entitled to "such faith and credit . . . in every court within the United States, as they have by law or usage in the courts of the State from which they are taken." The jurisdiction of the New York court over the subject matter and the person of respondent, established prima facie by the present record and duly authenticated record of the judgment, is not questioned. But respondent argues, as the state court held, that under the Constitution and Act of Congress the judgment is entitled to no more credit in Ohio than is accorded to it in New York and that in New York the judgment is impeachable for petitioner's fraud in prosecuting the suit, knowing that he had no interest in the cause of action sufficient to enable him to maintain it.

The right asserted by petitioner to have the New York judgment enforced in the courts of Ohio is one arising under the Constitution and a statute of the United States. And since the existence of the federal right turns upon the legal effect of the proceedings in New York and

the validity of the judgment there, the rulings on those points by the Ohio court are reviewable here. *Adam* v. *Saenger*, 303 U. S. 59, 64. While they involve questions of local law and are of a character such that this court ordinarily reëxamines them with deference after they have been passed upon by a state court, its determination cannot be accepted here as decisive if the constitutional command is to be observed, especially as the decision of the state court rests not on the law of its own state or matters peculiarly within its cognizance, but upon the law of another state which is as readily determinable here as in the courts of Ohio.

We do not stop to consider the question much discussed in brief and argument how far the full faith and credit clause precludes the defense that the judgment sued upon in one state was procured by fraud in another, for we think it plain that the present judgment is subject to no such infirmity. It is evident that no fraud was perpetrated on respondent or on the New York courts if the assignment of the claim to petitioner before he brought the suit in New York operated to vest him with such ownership or interest in the claim as would enable him to maintain the suit upon it there. If the assignment had that effect, the facts that it was given for the purpose of enabling petitioner to bring the suit, and that he was bound to account to a stranger to the suit for its proceeds, are immaterial, since neither the court nor respondent was prejudiced by petitioner's failure to disclose them.

Choses in action, with exceptions not now material, are made freely assignable by the New York statute. § 41, Personal Property Law (Consol. Laws, c. 41). Section 210 of the New York Civil Practice Act provides "Every action must be prosecuted in the name of the real party in interest, except that . . . a trustee of an express trust . . . may sue without joining with him the person

for whose benefit the action is prosecuted." By repeated decisions of the highest court of the State of New York it has long been settled that under these sections any form of assignment which purports to assign or transfer a chose in action confers upon the transferee such title or ownership as will enable him to sue upon it. This is true even though the assignment is for the purpose of suit only and the transferee is obligated to account for the proceeds of suit to his assignor. *Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, 44 N. Y. 349; *Sheridan* v. *Mayor*, 68 N. Y. 30; *McCauley* v. *Georgia Railroad Bank*, 239 N. Y. 514; 147 N. E. 175; *Meyers* v. *Credit Lyonnais*, 259 N. Y. 399; 182 N. E. 61; *Banca C. I. Trust Co.* v. *Clarkson*, 274 N. Y. 69, 74; 8 N. E. 2d 281; *Brown* v. *Powers*, 53 App. Div. 251; 65 N. Y. S. 733; *Birdsall* v. *Read*, 188 App. Div. 46; 176 N. Y. S. 369.

Here the assignment, which in plain terms purported "to sell, assign, transfer and set over" the chose in action to petitioner, was sufficient under the New York statutes and authorities to give petitioner dominion over the claim for purposes of suit. In that respect its legal effect was not curtailed by the recital that the assignment was for purposes of suit and that its proceeds were to be turned over or accounted for to another. The Ohio court, placing emphasis on the presence of the power of attorney in the assignment, disregarded the words of assignment and gave to the instrument the more restricted effect of a power of attorney. While a power of attorney to sue, standing alone, does not under the New York law operate as an assignment to vest the attorney with such title or interest as will enable him to maintain the suit in his own name, *Spencer* v. *Standard Chemicals Corp.*, 237 N. Y. 479; 143 N. E. 651, the addition of the power to petitioner's assignment did not deprive it of its force and character as an assignment. The use of the power of attorney, once for historical reasons the indispensable

adjunct of every assignment of a chose in action, Ames, Lectures on Legal History, 210 *et seq.*, Williston on Contracts, Rev. Ed. §§ 405, 408, did not render the assignment ineffective merely because, by virtue of the statute, its presence is no longer necessary.

Even though petitioner was disingenuous in omitting to reveal the reassignment of the claim in his affidavit in the London Wallick suit, and even though there was fraudulent purpose in his failure to disclose that he still had some interest in the proceeds of the judgment to which London Wallick was asserting a claim, those circumstances did not impair the previous assignment of the claim to him or deprive him of the authority, already conferred by the reassignment, to maintain the suit. Whether petitioner's transactions with London Wallick gave the latter any equitable claim to the judgment or its proceeds does not appear, but in any case the existence of such collateral claims does not subject the judgment to impeachment by the judgment debtor. *Matter of Holden*, 271 N. Y. 212, 217; 2 N. E. 2d 631.

Respondent also urges that the Court of Appeals rested its affirmance of the judgment of the trial court on the ground that petitioner was not the real party in interest entitled to maintain the suit in Ohio, and that this is a non-federal ground adequate to support the judgment and is not reviewable here. While the court intimated that petitioner was not the real party in interest in Ohio, it evidently rested this conclusion upon its opinion that petitioner was not the real party in interest in the suit in New York. Its opinion states that if the assignment "transferred any such legal or equitable interest or both in his claim to the plaintiff [petitioner] as would entitle him to maintain an action in his own name in New York, then he was a proper party in interest there and a proper party in interest here."

When a state court refuses credit to the judgment of a sister state because of its opinion of the nature of the cause of action or the judgment in which it is merged, an asserted federal right is denied and the sufficiency of the grounds of denial are for this court to decide. *Huntington* v. *Attrill*, 146 U. S. 657, 684; *Kansas City Southern Ry.* v. *Albers Commission Co.*, 223 U. S. 573, 593; *Kenney* v. *Supreme Lodge*, 252 U. S. 411, 415. So far as the court rested its decision on its view that the New York assignment conferred no right on petitioner to maintain the suit there, it is enough, as we have pointed out, that the petitioner was the real party in interest entitled to maintain the suit in New York. So far as Ohio might apply a different rule if the original cause of action were prosecuted in its courts, that fact is irrelevant to any issue now presented. The suit in Ohio was not upon the assigned cause of action but upon the judgment of which petitioner is the record owner. The suit upon it is upon a different cause of action from that merged in the judgment. *Milwaukee County* v. *White Co.*, 296 U. S. 268, 275. It is the judgment and not the cause of action which gave rise to it for which credit is claimed, and the constitutional mandate requires credit to be given to a money judgment rendered on a civil cause of action in another state, even though the forum would have been under no duty to entertain the suit on which the judgment was founded. *Christmas* v. *Russell*, 5 Wall. 290; *Fauntleroy* v. *Lum*, 210 U. S. 230; *Roche* v. *McDonald*, 275 U. S. 449; *Milwaukee County* v. *White Co., supra*, 277.

Even though the Ohio court might have declined to recognize petitioner as the proper party to sue upon the assigned claim, a suit upon a judgment of another state, by virtue of the Constitution, stands upon a different footing. The Ohio court is not free to withhold from petitioner, the record owner of a judgment valid and en-

forceable by him in New York, the full benefit of the constitutional command that the judgment shall receive in the courts of Ohio such faith and credit as it is entitled to receive in New York. A state which may not constitutionally refuse to open its courts to a suit on a judgment of another state because of the nature of the cause of action merged in the judgment, *Kenney* v. *Supreme Lodge, supra,* 415, obviously cannot, by the adoption of a particular rule of liability or of procedure, exclude from its courts a suit on the judgment.

*Reversed.*