(No. 6811. January 23, 1941.)

THE BONDED ADJUSTMENT COMPANY, a Corporation, Assignee of F. E. COMPTON & COMPANY, a Corporation, Respondent, v. T. O. BROWN et ux., Appellants.

[109 Pac. (2d) 892.]

T. P. Wormward, for Appellants.

S. S. Gundlach, for Respondent.

MORGAN, J.—This action was commenced by respondent in the court of a justice of the peace of Shoshone County, Idaho, on a judgment against appellants made and entered in a court of a justice of the peace of Spokane County, Washington. Judgment in the justice's court in Shoshone County was in favor of respondent, and appellants appealed therefrom to the district court. An amended complaint was filed in the district court in which it was alleged:

"1. That plaintiff [respondent] is a corporation duly organized and existing according to the laws of Washington.

"That the defendants [appellants] are residents of the County of Shoshone, State of Idaho.

"2. That at the time hereinafter mentioned Charles T. Goodsell was a duly elected, qualified and acting Justice of the Peace, in and for the town of Spokane, Spokane County, State of Washington, having jurisdiction and cognizance of civil actions and proceedings arising on contracts for the recovery of money wherein the demand is less than One Hundred Dollars, by virtue of certain Acts of said State entitled Justices Courts, duly passed and collated and compiled in Remington's Compiled Statutes of Washington as Title I, Chapter III, Sections 43 and 44, and Title XII, Chapter I, Sections 1756 and 1757 thereof. Said Spokane is a city of over 3,000 inhabitants.

"3. That at said time herein mentioned the manner and method of service of process in Justice of the Peace Courts in said State of Washington was in accordance with and by virtue of an Act of the Legislature of said State, passed and known as Laws of 1925 Extra Session at page 530 thereof Section 1, is directed as follows, to-wit: The Complaint and Notice shall be served at least five days before the time mentioned in the Notice for the defendant to appear and answer the complaint by delivery to the defendant, or leaving at his place of abode with some person over twelve years of age, a true copy of the complaint and notice, as collated and appears in the 1927 Supplement in said Remington's Compiled Statutes of Washington and designated as Title 12, Chapter I, section 1761 thereof.

"4. That on the 2nd day of August, 1935, at said town or city of Spokane, Spokane County, State of Washington, plaintiff commenced an action against the defendants for the collection of money on contract or debt for less than One Hundred Dollars before the said Justice of the Peace Goodsell by filing his complaint and causing summons or Notice to be duly issued by said Justice on that day for the recovery of $82.80 which summons was duly and personally served in compliance with said statutes on said 2nd day of August, 1935.

"5. That thereafter on the 9th day of August, 1935, in said action, the plaintiff duly recovered judgment which was duly given by said Justice against said defendants, for the sum of $82.80 and $7.00 costs, in all $89.80."

It is further alleged in the amended complaint that defendants paid ten dollars "on said account and judgment."

In his answer, T. O. Brown denied, specifically, as follows:

"As to the further allegation in said so-called amended complaint, 'which said summons was duly and personally served, in compliance with said statutes on said 2nd day of August, 1935,' this answering defendant denies said allegations. Denies that a summons was duly and personally served upon him in compliance with said statutes on said 2nd day of August, 1935, or ever, or at all served upon this answering defendant, in any way or manner, in any such

action, or in any action at all referred to in said so-called amended complaint.

"5. This answering defendant denies the allegations of Paragraph Five, all and singular, or that judgment was ever or at all recovered against him in said action purported to have been begun against him in said Justice Court, for the reason that said Justice Court had no jurisdiction to render therein a judgment against him, in that no summons was ever served upon him or that any process purporting to issue out of said Court has at any time or place ever been served upon him, . . . . and denies that any judgment exists in said Superior Court, Spokane County, State of Washington, against him, based upon any service of process upon this answering defendant, or otherwise."

Like denials appear in the answer of Mrs. Brown.

Respondent introduced in evidence a certified copy of the transcript of judgment of the court of the justice of the peace of Spokane County, Washington, and rested. Whereupon T. O. Brown was called and sworn as a witness for defendants. He was asked whether or not he was served with summons in the action instituted by The Bonded Adjustment Company, a corporation, against him and his wife and, before objection could be made to the question, answered, "No, I never was."

Mr. Gundlach [counsel for plaintiff] : "Move that answer be stricken out. The question is irrelevant and immaterial. This is not the right time, place nor court in which to try that matter. The court in Spokane, Washington, was the time and place.

The Court: "Objection sustained and the jury are instructed to disregard the answer. It will be stricken, and again I say you cannot make a collateral attack on the judgment in this court. If you wanted to attack that judgment, it should have been attacked at the proper time in the court in the State of Washington.

Mr. Wormward [counsel for defendants] : "Well, that is our defense. There was no service upon these defendants giving them any jurisdiction in the State of Washington or anywhere else, therefore no suit could be brought on this judgment, because it is a void judgment."

The judge instructed the jury to find for plaintiff in the amount claimed, and a verdict was rendered accordingly. Judgment was entered thereon and the case is here on appeal therefrom.

 The ruling on the admissibility of evidence of lack of jurisdiction of the justice's court in Spokane County, Washington, was erroneous. In *Mason v. Pelkes,* 57 Ida. 10, 33, 59 Pac. (2d) 1087, 1097, we said:

"Article 4, sec. 1 of the Constitution of the United States requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, but this provision does not preclude inquiry into the jurisdiction of the court in which the judgment was rendered, or into the facts necessary to give such jurisdiction; nor are the courts of a state required to give full faith and credit to a judgment rendered by a court of another state which had no jurisdiction of the subject-matter or of the parties. (*Thum v. Pyke,* 8 Ida. 11, 66 Pac. 157; *Thompson v. Whitman,* 18 Wall. 457, 21 L. ed. 897; *Reynolds v. Stockton,* 140 U. S. 254, 11 Sup. Ct. 773, 35 L. ed. 464; *Pendleton v. Russell,* 144 U. S. 640, 12 Sup. Ct. 743, 36 L. ed. 574.)"

The Supreme Court of the United States, in *Milliken et al. v. Meyer,* decided December 23, 1940 [61 Sup. Ct. 339] said:

"Where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is of course open to inquiry. *Grover & Baker Sewing Machine Co. v. Radcliffe,* 137 U. S. 287; *Adam v. Saenger,* 303 U. S. 59. But if the judgment on its face appears to be a 'record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.' *Adam v. Saenger, supra,* at p. 62. In such case the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. *Fauntleroy v. Lum,* 210 U. S. 230; *Roche v. McDonald,* 275 U. S. 449; *Titus v. Wallick,* 306 U. S. 282. Whatever mistakes of law may underlie the judgment (*Cooper v. Reynolds,* 10 Wall. 308) it is 'conclusive

as to all the *media comcludendi'. Fauntleroy v. Lum, supra,* at p. 237.''

The judgment appealed from is reversed. Costs are awarded to appellants.

Budge, C. J., and Givens, Holden and Ailshie, JJ., concur.