**COMPANIA DE REMORQUE Y SALVAMENTO, S. A., v. ESPERANCE, Inc. et al.**

No. 60, Docket 21765.

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1950.

Decided Feb. 13, 1951.

---

I. 1948 Revised Judicial Code, 28 U.S.C.A. § 1346.

Lotterman & Tepper, New York City, Jacob Rassner, New York City, Louis A. Tepper, New York City, of counsel, for plaintiff-appellant.

Foley & Statt, New York City, Milton James, New York City, of counsel, for defendant-appellee, Esperance, Inc.

Engelman & Hart, New York City, Myron Engelman, Jack Hart, New York City, of counsel, for defendant-appellee, Seaboard Surety Co.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The inability of a tower to perform a towage contract completely and the settle-

ment by its surety on a performance bond, without its acquiescence, of consequent claims have led to this controversy.

On November 7, 1947, Esperance, Inc., a New York corporation hired Compania De Remorque y Salvamento, S. A., a corporation organized under the laws of Panama, to tow certain vessels from Charleston, S. C., to Buenos Aires, Argentina, for $60,000. The Seaboard Surety Company, a New York corporation, executed a performance bond as surety. Compania failed to perform fully the towage contract and each party blamed the other. Esperance brought a libel in admiralty against Compania and Seaboard in the Southern District of New York on May 27, 1948. Both answered and Compania filed a "counterclaim" for $40,000 against Esperance for the alleged breach by Esperance of the towing contract. Seaboard settled with Esperance for $30,000 before the suit was tried and secured a release from it. Thereupon the suit was discontinued as to Seaboard but Compania refused to discontinue its "counterclaim" unless it was released by Seaboard from any liability for indemnity. Apparently Compania was unwilling to agree to any settlement Seaboard made with Esperance if that settlement left it liable over to Seaboard, i.e., it did not concede that it owed Esperance anything. Seaboard was unwilling to release Compania because the latter had made an assignment to Seaboard as collateral security to indemnify it from loss on the bond. The release was not given and the "counterclaim" was not discontinued.

Compania's assignment covered all of its assets and property and "all claims which it has presently or may have against any and all persons, firms, and/or corporations" and it gave Seaboard the right "to prosecute all such claims, receive any monies in connection therewith, either by settlement, judgment or otherwise, to apply said monies to indemnify it against losses" on the bond, Seaboard agreeing to account for any excess. It also provided that Seaboard should "have the exclusive right for itself, and for the principal on said bond to decide whether to settle any claim against either." When Compania refused

to discontinue its "counterclaim" against Esperance, the latter moved to dismiss it on the ground that Compania, having made this assignment to Seaboard, was not the real party in interest. This motion was granted on February 28, 1949; the "counterclaim" was dismissed; and no appeal was taken.

After that Seaboard sued Compania in the state court in New York to enforce its claims against Compania as its indemnitor, and Compania removed that suit to the Southern District, answered, and filed a counterclaim.

Motions were then made in both actions and consolidated for hearing. They were a motion by Esperance to discontinue its original libel for breach of the towage contract and to cancel all bonds and stipulations filed in that suit; a motion by Seaboard to remand its removed action to the New York court; and a motion by Compania to consolidate those two suits. The first two motions were granted and the third denied.

All this was followed by the present suit which was brought on October 27, 1949, by Compania against Esperance and Seaboard in the Southern District. The complaint alleges for a first cause of action the towage contract and breaches of it by Esperance for which recovery is sought. It alleges for a second cause of action Compania's assignment to Seaboard, Seaboard's becoming surety for it on the performance bond, the failure to complete the towage contract and the consequent suit for breach of that contract which Esperance brought against Compania and Seaboard, Compania's answer and "counterclaim" in that suit, and Seaboard's settlement with Esperance, without Compania's consent, which compelled dismissal of Compania's claims against Esperance. For that it seeks to recover from Seaboard. The defendants in this suit moved before answer to dismiss the complaint because of res adjudicata; because the plaintiff is not the real party in interest; and because there is no justiciable controversy. The motion was granted and Compania has appealed.

As this appeal is from a summary judgment[1] for each defendant, we must decide whether any triable issue of fact was presented and for that purpose we assume *arguendo* that the dismissal of Compania's "counterclaim"[2] in the discontinued admiralty suit is not *res adjudicata* and that the appellant is the right party to sue. A valid compromise concludes defenses and counterclaims as well as the primary claim. Hoyt v. Wickman, 8 Cir., 25 F.2d 777; Daniel Baker College v. Abney, 5 Cir., 74 F.2d 443; The Mascotte, D.C.D.N.J., 72 F. 684. It is clear that the indemnity agreement gave Seaboard the power to settle the admiralty suit, including the power to decide what should be done about the claims Compania was making against Esperance by way of "counterclaim" in that suit. Cf. Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653. It is also clear that Seaboard exercised this power in the settlement with Esperance. It was to Seaboard's advantage to reduce the amount it had to pay for a settlement by whatever it could get Esperance to allow to be rid of Compania's demands based upon the asserted breach of contract. Perhaps more significant is the fact that the conflicting claims of Esperance's libel and Compania's "counterclaim" were based on the same contract, so that the breach by either would be a good defense to its action. The recognition of the validity of the claim of Esperance, evidenced by the payment of a substantial sum, was therefore the abnegation of Compania's claim that Esperance had broken the contract first, and, as the trial judge concluded, "the settlement which was made necessarily included the counterclaim."

Any remaining doubts as to whether the trial judge correctly ruled that there was no triable issue raised concerning the intended scope of the settlement are dispelled by the fact that the affidavits filed in behalf of Compania itself assert that Seaboard and Esperance intended to conclude the claims set forth in Compania's "counterclaim," and that they did so is, indeed, the very basis of the appellant's second cause of action. To avoid the binding effect of the settlement, the appellant relies on the breaches of trust alleged in this second cause of action, to which we now turn.

The complaint, for the second cause of action, alleges that Seaboard "wrongfully and unlawfully" disposed of Compania's property right, *viz.*, the "counterclaim," in violation of its duty as a fiduciary. This is but a broad, general conclusion. The affidavit of the vice-president of Seaboard asserts facts to show the contrary and categorically states that Seaboard made the settlement in good faith. In the face of such facts so made to appear the conclusions in the complaint are alone inadequate to raise any triable issue. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; Egyes v. Magyar Nemzeti Bank, 2 Cir., 165 F.2d 539.

Affirmed.

---

1. The defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, but affidavits presenting matters outside the pleadings were filed and we must, as the appellant concedes, treat the judgment as the granting of a motion for summary judgment. Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A.

2. Strictly that "counterclaim" should be treated as a cross-bill to enforce a counterclaim. Admiralty Rule 50, 28 U.S.C.A.; Mayer & Lage, Inc. v. Prince Line, D. C.S.D.N.Y., 264 F. 854. See, Esso Standard Oil Co. v. United States, 2 Cir., 174 F.2d 182, 185.