In the Matter of Woodrock Contracting Co., Inc., et al., Appellants, against Spencer C. Young, as Treasurer of the City of New York, Respondent.

First Department, February 23, 1954.

*Nelson Rosenbaum* for appellants.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* Petitioner contracted with the city to construct certain sewers in Queens County. He sued for damages for breach of his contract alleging that a change of grade had added to the cost of his work. This suit was settled in open court for $15,000, and the comptroller of the city approved the settlement. A warrant was drawn by the comptroller to pay the agreed sum and delivered to the city treasurer, but the latter refused to sign the warrant contending that there had been several

claims filed against the city for accidents supposedly connected with the sewer construction work. This supposition appears to be largely based on the fact that the accidents occurred in the streets where the sewer was built. However, none of the claims showed accidents occurring during the progress of the work, all referred to accidents on dates several months after completion. The theory of the treasurer is that under an indemnity clause in the sewer construction contract the city was permitted to withhold payments for work until claims were discharged.

In the present case the comptroller approved the payment after the dates of the claims and we may reasonably infer that he made the settlement agreement with notice of the claims. The agreement to pay the $15,000 was a new and separate enforcible agreement (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435). It was not conditioned with all the covenants of the construction contract. The settlement concluded defenses and counterclaims as well as the primary claim (*Compania De Remorque y Salvamento, S. A.,* v. *Esperance, Inc.,* 187 F. 2d 114). We see no legal right on the part of the treasurer in these circumstances to apply the indemnity clause of the construction contract to defeat the agreement to pay the $15,000.

The order appealed from should be reversed, with $20 costs, and the motion granted.

DORE, J. P., COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the application granted.