Magidson et al., Appellees, *v.* Smith et al., Appellants.

(No. 215—Decided May 15, 1961.)

Messrs. *DeLay & DeLay* and Messrs. *Husch, Eppenberger, Donohue, Elson & Jones*, for appellees.
Messrs. *Eubanks & Slavens*, for appellants.

RADCLIFF, J.   We will refer to the parties as they appeared in the trial court, namely, the plaintiffs, the appellees herein, and the defendants, the appellants herein.   On the 15th day of June 1959, the plaintiffs filed a petition, accompanied by a duly authenticated copy of a foreign judgment rendered by the Circuit Court of St. Louis County, Missouri, in the sum of $10,545.43 against the defendants herein, praying judgment thereon.   The defendants filed an answer in the form of a general denial on July 18, 1959.   On August 17 the defendant, Willard B. Smith, filed an amended answer alleging a discharge in bankruptcy in the U. S. District Court, Southern District of Ohio, dated August 11, 1959, as a complete defense.   The plaintiffs filed a reply.   The issues thus being made up, the matter was submitted to the court upon the pleadings, exhibits and briefs filed on behalf of both parties.   A seasonable request for a separate findings of fact and conclusions of law was made by the defendants.   On August 31 the trial judge filed his separate findings of fact and conclusions of law and rendered judgment in favor of the plaintiffs and against both defendants in the sum of $10,545.43 with interest thereon from the 20th day of November 1958 (that being the date of the judgment of the Circuit Court of St. Louis County, Missouri).

From the above judgment the defendants filed this appeal on questions of law in this court.   The defendant urges four assignments of error; however there are but two questions requiring answer to dispose of all the urged errors.   The first question raised goes to the application of the ''full faith and

credit clause," Section 1, Article IV, U. S. Constitution. What are the states required to do in honoring judgments of courts of sister states? Ohio has had a long and consistent position on this question as shown by an examination of the following cases: *Poorman* v. *Crane's Admr.* (1833), Wright, 347; *Hopper* v. *Nicholas*, 106 Ohio St., 292; *Symons* v. *Eichelberger*, 110 Ohio St., 224; and finally the decision of the U. S. Supreme Court in *Titus* v. *Wallick*, 306 U. S., 282, 83 L. Ed., 653, wherein the Supreme Court of Ohio was reversed for failure to grant full faith and credit to a judgment rendered by a court of competent jurisdiction in the state of New York. The resume of law contained in 9 Ohio Jurisprudence (2d), 679 *et seq.*, Section 21 *et seq.*, is very helpful. There is no question that the Circuit Court of St. Louis County, Missouri, is a court of competent jurisdiction and that the defendants were properly before the court pursuant to service of process and appearance by way of answer. It is true that the defendants did not appear at the final hearing in the Circuit Court upon the merits but evidence was adduced in the form of testimony and exhibits before judgment was rendered.

The trial judge in Jackson County did not write an opinion but an examination of the findings of fact and conclusions of law reveals that he reached exactly the same conclusion we reach on the first question presented in this appeal, *i. e.*, that the Missouri judgment is a valid judgment and entitled to enforcement in the courts of Ohio under the "full faith and credit clause" of the U. S. Constitution.

The second question raised in this appeal involves the discharge in bankruptcy pleaded as a defense by one of the defendants herein. The answer to this question requires us to construe Section 17 (a) (2) of the Bankruptcy Act (Section 35, Title 11, U. S. Code). Section 17 describes and defines the debts that are not affected by discharge in bankruptcy because they are not provable debts. The pertinent portion of Section 17 (a) (2) provides: "for willful and malicious injuries to the person or property of another."

This provision says that a debt arising from certain activities on the part of a bankrupt will not be affected by discharge. The judgment in the Circuit Court of St. Louis County, Mis-

souri, was rendered in favor of the plaintiffs and against the defendants on a suit based on malicious prosecution and slander of title. Is a judgment based on malicious prosecution and slander of title contemplated by the language of Section 17 (a) (2) of the Bankruptcy Act quoted above?

We have examined the following standard texts on the subject of bankruptcy, 8 Remington on Bankruptcy, 170, 192 and 195, Sections 3314, 3328, 3330; 1 Collier on Bankruptcy (14 Ed.), 1609; 1 Collier on Bankruptcy, Supp., 117. These references indicate that the answer to our second question is that the judgment rendered for malicious prosecution creates a debt that is not provable and therefore not affected by a discharge in bankruptcy. The Supreme Court of Ohio in the very recent case of *Breeds* v. *McKinney*, 171 Ohio St., 336, has passed upon Section 17 (a) (2) of the Bankruptcy Act and we feel that certainly by analogy that decision is controlling in the case before us. The syllabus in that case reads as follows:

"1. Under the provisions of Section 17 (a) (2) of the federal Bankruptcy Act (Section 35, Title 11, U. S. Code), a discharge in bankruptcy shall not release a liability for willful and malicious injuries to the person or property of another.

"2. In a tort action to recover for personal injuries, the term "reckless, willful and wanton" is the equivalent of the term "willful and malicious" as used in the Bankruptcy Act.

We conclude that the trial judge, as shown in his findings of fact and conclusions of law, reached the same conclusion as to the second question that we reach, namely, the judgment of the Missouri Court created a debt that is not provable under Section 17 (a) (2) of the Bankruptcy Act.

There being no error prejudicial to the rights of the defendants the judgment herein appealed from should be and is hereby affirmed.

*Judgment affirmed.*

COLLIER and BROWN, JJ., concur.