Francis X. Conlon, J.
Defendant moves for dismissal of the complaint upon the ground that the defendant is a resident of the State of Florida, plaintiff is a resident of the State of New Jersey and the alleged cause of action accrued wholly without the State of New York and did not arise out of any transactions occurring within the State of New York and that the court should exercise its discretion to decline to retain jurisdiction.
The action is based upon a foreign decree of divorce. During the time of the marriage of the parties they resided in the State of New Jersey. The parties have at no time had any contact with the State of New York, save that the defendant is now employed here. The action does not involve any property although the defendant does have property in this State.
Upon the basis of this submission and in the exercise of discretion the court should and does decline jurisdiction. The plaintiff appears to insist that by reason of the fact that the action is based upon a foreign decree which must be accorded full faith and credit, there is no constitutional basis for the declination of jurisdiction. Full faith and credit must only be accorded if the court retains jurisdiction but the exercise of discretion to decline to do so is not an unconstitutional refusal to grant such faith and credit.
Plaintiff relies on Magnolia Petroleum Co. v. Hunt (320 U. S. 430) and Titus v. Wallick (306 U. S. 282). The Magnolia case, insofar as here pertinent, does no more than to assert the proposition that the judgment of a foreign State must be *89 accorded in every other State full faith and credit. In the Titus case the court said (p. 292): “A state which may not constitutionally refuse to open its courts to a suit on a judgment of another state because of the nature of the cause of action merged in the judgment, * * * obviously cannot, by the adoption of a particular rule of liability or of procedure, exclude from its courts a suit on the judgment. ’ ’
Since, in the circumstances here, this court may constitutionally refuse to entertain jurisdiction, the cited case is of no aid to the plaintiff. The motion is granted.