**C. N. MARSH, Appellant,**

**v.**

**Price MILLWARD, Appellee.**

**No. 11208.**

Court of Civil Appeals of Texas.

Austin.

June 10, 1964.

Rehearing Denied July 8, 1964.

Sneed & Vine, J. P. Darrouzet, Austin, for appellant.

Powell, Rauhut, McGinnis, Reavley & Lochridge, Donald F. Nobles, Austin, for appellee.

HUGHES, Justice.

This is a suit based on judgments rendered in the States of Wyoming and Colorado. The Wyoming judgment was rendered first and the Colorado judgment was based on and brought to enforce the Wyoming judgment. The Trial Court, in a summary judgment proceeding, held that both foreign judgments were entitled to full faith and credit in Texas and he rendered judgment for the single sum involved in such judgments, plus interest and costs.

Appellant, against whom such judgment was rendered, is C. N. Marsh. Appellee is Price Millward.

Appellant has one point of error which is that summary judgment was improper

because there were disputed, material issues of fact.

Appellee filed his Motion for Summary Judgment on November 1, 1963, and at the same time he filed a motion under Rule 184a, Texas Rules of Civil Procedure, for the Trial Court to take judicial notice of certain laws, Statutes and Court Rules, of the States of Wyoming and Colorado.

Appellant contends that such Statutes and Rules of which the Court was asked to take judicial notice form no part of the record in a summary judgment proceeding and should not have been looked to by the Court in determining its judgment herein.

We agree that the laws of Wyoming and Colorado, properly established, are not a part of the "record" in a summary judgment proceeding. Rule 166–A(c) T.R. C.P., states the components of a record in a summary judgment proceedings. It does not, and should not, include the laws or Court Rules of this or any other State or jurisdiction. These are matters of which Courts take judicial knowledge in the manner prescribed by law. Rule 184a, supra, merely provides the manner in which laws of other jurisdictions are brought within the judicial knowledge of the Judge. When this is done Courts have the same judicial knowledge of foreign laws that they have of their own laws. The Court below was not in error in taking judicial notice of the Statutes and Rules of Wyoming and Colorado brought to his attention in conformity with our Rule 184a. We also will take judicial notice of the same laws.

The facts disclosed by the record are:

On October 19, 1960, appellee sued appellant in Civil Action No. 1224 in the District Court, Third Judicial District, Teton County, Wyoming. Appellant was duly served with process in Wyoming on October 20, 1960. On May 15, 1961, appellant having failed to answer the suit, the Court rendered a default judgment against appellant.

On January 11, 1962, appellee sued appellant in Cause No. 6197, in the District Court of Rio Grande County, Colorado, on the Wyoming judgment. Appellant was personally served with process in Colorado. On January 27, 1962, appellant's Colorado attorneys filed a motion to dismiss the suit for failure to state a cause of action. This motion, at appellee's request and upon notice to appellant, was set for hearing and overruled by the Court on September 5, 1962, and appellant was ordered to answer within twenty days or be in default. Neither appellant nor his counsel attended this hearing. Default judgment was rendered against appellant on October 8, 1962, appellant having been notified by notice to his attorneys of the time and place appellee would appear and move for such judgment.

On August 28, 1963, this suit was filed. Appellant answered by alleging, not under oath, that both the Wyoming and Colorado judgments were procured by fraud.

On November 1, 1963, appellee filed his motion for summary judgment. Attached to this motion were (1) a certified and exemplified copy of the Wyoming judgment and an affidavit of the Clerk of the Court in which the judgment was rendered stating that no motion to vacate the default judgment against appellant had been filed, nor had any other action been filed in such Court to vacate such judgment, and (2) a certified and exemplified copy of the Colorado judgment and a similar copy of appellee's notice of intent to take default judgment against appellant in the Colorado Court.

Appellant replied to this motion by alleging that "a disputed fact exists in that defendant says the Wyoming judgment is wholly void for extrinsic fraud on the Court. * * *" and that "the Colorado judgment was procured by fraud on the Court." This answer also alleged, "further assuming the Wyoming judgment to be valid, the Colorado (judgment) may not be used as the basis of a judgment in Texas,.

since this judgment is not subject to comity nor full faith and credit, since it is a judgment upon a judgment and as such they do not merge." [1]

Attached to this answer was an affidavit verifying that a motion was filed in the Colorado case by appellee requesting a change in the place of trial of such suit from Rio Grande County to Alamosa County and that an order of the Court was entered granting such motion.

The fraud which appellant had pleaded in his unsworn answer herein was, with respect to the Wyoming judgment that the suit had been compromised and appellee had agreed to dismiss the suit and that the default judgment was taken in violation of this agreement.

Similarly, the fraud pleaded by appellant with respect to the Colorado judgment was and we quote:

"If the same be necessary, Defendant says that on January 11, 1962, Plaintiff instituted suit against Defendant in Cause No. 6197, in the District Court of Rio Grande County, Colorado; that said suit was upon the Wyoming judgment as above pleaded; a copy of which judgment was attached to the Complaint (being Colorado's name for the Plaintiff's pleadings instituting a suit); that Defendant was served in said case in Colorado; that subsequent thereto Defendant engaged counsel, to-wit: the law firm of Moses and Desouchet, Attorneys, Alamosa, Colorado, to represent him in the Colorado law suit; that subsequent thereto, Defendant never heard from or received communication from said firm, nor heard of or about the said law suit pending in Colorado until the filing of this case.

"Defendant further says that subsequent to his retention of said law firm of Moses and Desouchet as above

pleaded, that on or about January 27, 1962, said law firm entered a pleading in said cause in behalf of Defendant, moving the Court to dismiss the case because the Complaint failed to state a claim upon which relief could be granted; that subsequent thereto, upon notice certified by counsel for Plaintiff, the Court, acting in Chambers, and without the knowledge of Defendant, entered an order without Defendant appearing and without Defendant's counsel appearing, overruling the said motion to dismiss; that this was done on September 5, 1962, in Alamosa, Colorado; that on the 26th day of September, 1962, the Court, sitting at Alamosa, Colorado, entered a judgment by default against Defendant; that on the 4th day of October, 1962, and without the knowledge of Defendant, his counsel, Moses and Desouchet, withdrew from the case with permission of the Judge, and without permission from Defendant, which order was filed in said Court on the 5th of October, 1962; thereafter, on the 8th day of October, 1962, the Court, ex parte—without notice to Defendant, when he was without counsel, changed the place of hearing and the Court—from the District Court of Rio Grande County, Colorado, to the District Court of Alamosa County, Colorado, and on the same day entirely removed from the place and county in which the case was originally filed, the Court entered judgment upon the Wyoming judgment, specifically reciting therein that same was upon said Wyoming judgment.

"Defendant further says, that the judgment of the Court in Alamosa County, Colorado, was wholly void in that the same was founded upon a wholly void judgment of Wyoming; that the same was improperly and unlawfully handed down in that it failed to follow the law of the state of Colorado, in that the

1. Appellant does not brief this contention. But see, Titus v. Wallick, 306 U.S. 282,

59 S.Ct. 557, 83 L.Ed. 653, 30A Am.Jur., Judgments Secs. 928–930.

**114**

same having been done without notice of the time and setting of said hearing and the removal of said hearing from one county to another, to Defendant was a denial to Defendant of such due process as is guaranteed him under the Constitution of the United States of America; and in that without his knowledge and consent he was denied the benefit of counsel in that it was represented to the Court that he had given permission to his counsel to withdraw, which he did not so do; in that such conduct of a member of the Bar of the State of Colorado, and such conduct of the Court of the State of Colorado was tantamount to being fraud on the Court and fraud on the Defendant in violation of fairness and justice and the Constitution of the United States."

The law of Wyoming, to which we are cited, provides that a Court may vacate a judgment for fraud practiced by the successful party in obtaining it,[2] but that proceedings to vacate the judgment on such ground must be brought within two years after the judgment was rendered, except as to persons under disability.[3]

Rule 60 of Wyoming Rules of Civil Procedure provides, in part, that a Court may on motion grant relief from a final judgment obtained by "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;" provided such motion is made within one year from the entry of judgment.

As to the law of Colorado we are informed that a default judgment may be set aside on motion for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" provided such motion is made within a reasonable time and not later than six months after entry of judgment.[4]

In appellee's motion for summary judgment it is stated that both the Wyoming and Colorado judgments are valid, final judgments. Exemplified copies of these judgments are attached to the motion. As to the Wyoming judgment there is an affidavit dated October 21, 1963 made by the Clerk of the Court in which the judgment was rendered to the effect that no motion or suit to vacate such judgment had been filed in such Court.

As to the Colorado judgment, the record is silent regarding any effort to have it vacated.

Since the respective judgments rendered in the Courts of Wyoming and Colorado are not now subject to attack in the Courts of those States for fraud, intrinsic or extrinsic, it is our opinion that they are not subject to attack in this State on such ground. See Stumberg, Conflict of Laws, 3rd Ed., p. 114, and authorities there cited.

In an Annotation in 55 A.L.R.2d, p. 673, at p. 679 it is stated, "the full faith and credit clause requires that in an action upon the judgment of a sister state the defense of fraud is available only when the same fraud would have been a defense in an action brought upon the judgment in the state in which it was rendered."

We also hold that any fraud which may have been practiced in the procurement of the Wyoming judgment should have been pleaded defensively when this judgment was sued on in Colorado and that the Colorado judgment is res adjudicata as to the nonexistence of such fraud. See Ogletree v. Crates, 363 S.W.2d 431, Tex. Sup.

2. Sec. 1-325, Art. 4, Wyoming Code of Civil Procedure.

3. Sec. 1-333, Art. 4, id.

4. Rules 55(c), 60(b), Colorado Rules of Civil Procedure.

We are also of the opinion that the Colorado judgment is not now subject to attack under the laws of this State for the reason that the fraud alleged is not attributed to the adverse party but is charged to appellant's own counsel. This is not extrinsic fraud for which appellant may obtain relief against appellee. See Bankston v. Bankston, 251 S.W.2d 768, Dallas Civil Appeals, mandamus denied.

It is our opinion that the Wyoming and Colorado judgments are valid, subsisting judgments under the laws of the respective States and that they are entitled to full faith and credit in the Courts of this State. Art. IV, Sec. 1, Constitution of the United States.

No issues of fact regarding these conclusions are presented by the record and the Trial Court correctly rendered summary judgment for appellee, which we affirm.

Affirmed.

### On Motion for Rehearing

Appellant states that we are in error in stating that he took the position that the Statutes and Rules of which the Court was asked to judicially notice form no part of the record in a summary judgment proceeding and should not have been looked to by the Court in granting summary judgment, however, he "concedes that the Court's statement is true."

We quote from appellant's brief:

"Now the Court's attention is invited to the contents of Plaintiff's Motion for Summary Judgment in which Plaintiff—for the FIRST TIME brings forth the defense:

a. That under Wyoming Law Defendant was barred by limitations; (Para. I, Tr. 21)

b. That Defendant is barred now because he could have brought the matter up on Colorado (Para. II, Tr. 22)

c. That Defendant is precluded by the laws of Colorado from bringing the matter up now. (Para. III, Tr. 23)

d. Para. IV, (Tr. 23 and 24) constitutes a denial of Defendant's allegations and an argument of law.

Defendant first of all says that the Court below wholly refusing to heed the law of Texas used the above in determining its judgment. The above forms no part of the record in this case for the purpose of Summary Judgment."

This is the language which misled us. We fully accept appellant's statement that he did not take the position which we attributed to him.

The motion is overruled.